622 S.E.2d 543

**In the Matter of Todd Anthony STRICH, Respondent.**

**No. 26068.**

Supreme Court of South Carolina.

Submitted Sept. 27, 2005.

Decided Nov. 21, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Todd Anthony Strich, of Charleston, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21,

RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a one year definite suspension from the practice of law. We accept the agreement and impose a one year suspension. The facts, as set forth in the agreement, are as follows.

## FACTS

On May 18, 2004, respondent was indicted by the State Grand Jury for the offense of distribution of cocaine by conspiracy in violation of South Carolina Code Ann. § 44–53–370(b)(2002). On February 18, 2005, he pled guilty and was sentenced to three years imprisonment and fined $12,500.00, suspended upon payment of $1,000.00 and two years probation with certain conditions.[1]

ODC is informed respondent cooperated with the South Carolina Law Enforcement Division and the State Grand Jury. To the best of its knowledge, ODC states respondent has cooperated with its investigation.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty,

---

1. As indicated during the plea proceeding, on February 24, 2004, respondent sold 2.25 grams of cocaine to an undercover operative working for the South Carolina Law Enforcement Division (SLED) for $160.00. This transaction occurred near the Indigo Creek apartment complex in Charleston. On March 11, 2004, respondent sold 2.26 grams of cocaine to an undercover operative working for SLED in the parking lot of a "Chuck E. Cheese" restaurant located on Sam Rittenburg Boulevard in Charleston.

On March 29, 2004, SLED agents approached respondent and, after waiving his rights, respondent admitted receiving a total of approximately 25 grams of cocaine from one of his cocaine sources during the period of March 2003 through approximately August 2003. Although respondent used some of the cocaine himself, he distributed the majority to others, including attorneys Tara Anderson and Damon Cook, who often provided respondent with money to purchase the cocaine.

trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude); and Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation).[2] Respondent further admits that his misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for a lawyer to be convicted of a serious crime or crime of moral turpitude); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## *CONCLUSION*

We accept the Agreement for Discipline by Consent and suspend respondent from the practice of law for one year. Respondent's request that the suspension be applied retroactively to the date of his interim suspension is denied.[3] Within fifteen days of the filing of this opinion, respondent shall file an affidavit demonstrating he has complied with the requirements of Rule 30 of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

**3.** On May 24, 2004, respondent was placed on interim suspension. *In the Matter of Strich*, 359 S.C. 83, 597 S.E.2d 781 (2004).